**In re Richard J. PENROD and Brenda K. Penrod, Debtors.**

**Richard J. PENROD and Brenda K. Penrod, Movants,**

v.

**Frank A. ARONE, Respondent.**

**Bankruptcy No. 90–22639–JKF. Motion No. JRW–001.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 21, 1994.

James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, PA, for debtors/movants.

Donald J. Balsley, Jr., Pittsburgh, PA, for respondent.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court is Debtors' "Motion to Reopen Case to Enforce Discharge Injunction and Impose Sanctions for Actions in Violation and Contempt Thereof". For the reasons which follow the motion will be denied.

Frank A. Arone was scheduled in Debtors' bankruptcy petition as a secured creditor and listed on the mailing matrix.[1] Although Arone's liability as a co-signer on Debtors' obligation to Savings and Trust Company of Pennsylvania was not listed in the petition, Arone had actual knowledge of the filing of the bankruptcy. Roy and Judith McCullagh also co-signed for an obligation of Debtors to National Bank of the Commonwealth (NBOC). The McCullaghs were not listed as creditors in Debtors' schedules nor were they listed on the matrix, but the existence of their claim was revealed elsewhere in the schedules and they were designated as "co-obligors" to NBOC. The McCullaghs also

---

**1.** The original file has been sent to the federal archives. The facts are taken from the recitations of the parties in court and in the pleadings and briefs filed at Motion No. JRW–001. There are no material facts in dispute.

had actual knowledge of the filing of the bankruptcy petition. Debtors were discharged on or about March 12, 1991, and the bankruptcy case was closed shortly thereafter. Arone asserts that, in 1993, the McCullaghs assigned their claim against Debtors to him. In that same year Arone filed suit in the Court of Common Pleas of Indiana County, Pennsylvania, to collect the amounts owed by Debtors on the McCullagh obligation and on the Arone obligation.

■ Arone at first contended that the claim based on his co-obligor status (the Arone obligation) had not been discharged because at the time of the filing of the bankruptcy his obligation to pay was contingent. However, the Bankruptcy Code clearly states that even contingent obligations are claims. 11 U.S.C. § 101(4).

■ Arone also initially maintained that his claim as the McCullaghs' assignee (the McCullagh obligation) was not discharged because the McCullaghs were not listed on Debtors' schedules. Section 523 provides that a debt "neither listed nor scheduled" shall not be discharged "unless such creditor had notice or actual knowledge of the case in time" to permit timely filing of a proof of claim. 11 U.S.C. § 523(a)(3)(B). Furthermore, the Court of Appeals for the Third Circuit has reinforced this provision of the Bankruptcy Code by stating that the claims of a creditor with actual knowledge of the bankruptcy will be discharged, even if the creditor is omitted from the bankruptcy petition. *Maldonado v. Ramirez*, 757 F.2d 48 (3d Cir.1985). *Cf. In re Main*, 157 B.R. 786 (W.D.Pa.1992) (a creditor with actual knowledge of filing of bankruptcy case before bar date for objecting to discharge may not file complaint objecting to discharge after bar date).

■ Arone does not dispute that the McCullaghs had actual knowledge of the bankruptcy. In fact, in the brief filed on December 9, 1993, Arone's counsel opposed the granting of the motion to reopen on the ground that "Arone and McCullagh had knowledge of Debtors' Bankruptcy. Because they had this knowledge, their contingent claims were discharged in this 'no asset' proceeding by the discharge Order dated March 12, 1991." Because the debts at issue were discharged in 1991 by operation of law, the motion to reopen will be denied as unnecessary. The relief which Debtors seek in moving to reopen (i.e., listing a creditor on the schedule of unsecured creditors so as to discharge a debt) has already been achieved. However, the state court action will be enjoined inasmuch as it violates the injunction against efforts to collect discharged debts which was included as paragraph 4 in the Discharge Order dated March 12, 1991, pursuant to 11 U.S.C. § 524(a)(2). This court will enforce the discharge injunction pursuant to its authority under 11 U.S.C. § 105(a).

This court previously indicated its reluctance to impose sanctions on Arone for willful violation of the discharge injunction in this case, based in part on the fact that some of the confusion was caused by Debtors' failure to properly complete their bankruptcy schedules.

An appropriate order will be entered.

### ORDER

And now, to-wit, this 21st day of January, 1994, for the reasons set forth in the foregoing Memorandum Opinion, it is **ORDERED** that the Motion of Debtors to Reopen Case to Enforce Discharge Injunction and Impose Sanctions for Actions in Violation and Contempt Thereof is **DENIED** as unnecessary. The debts which are the subject of the action in the Court of Common Pleas of Indiana County, Pennsylvania, at Civil Action No. 1315 CD 1993 were discharged by order of this court dated March 12, 1991. No further proceedings shall take place in the state court action and the proceedings are permanently enjoined. Frank A. Arone shall take all steps necessary to discontinue and terminate that action, with prejudice, within ten (10) days hereof.